UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD BOYCE,

        Petitioner,         CIVIL ACTION NO. 04-CV-60137-AA

vs.

                      DISTRICT JUDGE MARIANNE O. BATTANI

LINDA METRISH,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Respondent.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** This Court recommends that Petitioner's Petition for Writ of Habeas Corpus be DENIED because it is time barred.

\*\*\*

Petitioner pled guilty to violating the terms of his probation which was imposed after his no contest plea to felonious assault, destruction of property, and being a fourth habitual offender. Upon the revocation of his probation on May 26, 1999, the court sentenced Petitioner to two to fifteen years in prison. Petitioner did not file leave to appeal. Instead, on July 20, 2001, he filed a motion for relief from judgment in the circuit court. The court denied this motion on September 26, 2002. The court found that Petitioner had failed to raise the issues in an application for leave to appeal and failed to show cause and prejudice to excuse the default. Petitioner filed an application for leave to appeal in December 2002 which the Court of Appeals of Michigan denied on March 18, 2003. The Supreme Court of Michigan denied Petitioner's application for leave to appeal this order on August 29, 2003.

The federal habeas petition now under consideration is dated June 16, 2004. On January 26, 2005, Respondent filed her Response arguing that the petition should be denied because, among other

reasons, the petition is time barred. Petitioner claims that the state circuit court erred in determining that he failed to demonstrate "the very authority of the state" was at issue pursuant to the jurisdictional issue presented, and that the court erred in deciding that he had defaulted his claims of breach of his original plea agreement in two different ways and of a due process violation during his probation violation hearing.

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitation for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As the language of the statute indicates, there are four possible dates on which the limitation period may begin to run. Assuming that the first is applicable here, Petitioner's application is untimely. Petitioner's claims attack both his original sentencing and his probation revocation proceedings. Under subsection (A) the limitation period for challenging a judgment imposing probation begins running when the judgment imposing probation becomes final. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir.

2005), *pet. for cert. filed* (Apr. 27, 2006); *Williams v. Vasbinder*, 2006 WL 2123908 (E.D. Mich. July 27, 2006). Claims relating to the probation revocation judgment begin to run when the judgment revoking probation became final. *See Davis v. Purkett*, 296 F. Supp. 2d 1027, 1029-30 (E.D. Mo. 2003); *Williams*, 2006 WL 2123908. Therefore, Petitioner's limitation periods begin to run at different times.

Because Petitioner pled guilty at his original sentencing, he could only appeal by leave of court as to his original sentencing and as to his probation revocation sentence. *Williams*, 2006 WL 2123908 (citing *People v. Perks*, 259 Mich. App. 100, 109, 672 N.W.2d 902 (2003)). Each of these judgments became final one year after the sentencing on each judgment. Mich. Ct. R. 7.205(F)(3); *see Williams*, 2006 WL 2123908. Thus, Petitioner's judgment as to his original sentencing became final on March 11, 1999, and his one-year limitation period under section 2254(d)(1)(A) expired on March 11, 2000. His judgment on his probation revocation sentence became final on May 26, 2000, and his one-year limitation period expired on May 26, 2001.

Petitioner filed a motion for relief from judgment in the circuit court on July 20, 2001. Thus, by the time he filed this post-conviction motion both of his filing periods had fully expired. The filing of the motion for relief from judgment did not revive the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Petitioner makes no claim that any other subsection gives him a longer limitation period. Accordingly, Petitioner's limitation periods had expired well before he filed this section 2254 petition on June 16, 2004.

Petitioner contends that his limitation period did not expire before his filed this habeas petition because of his filing of the motions for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. However, as discussed above, his filing of his motion for relief from judgment and any subsequent appeals of that denial in the state appellate courts did not revive his limitation period. Petitioner's contention that he had ninety days to file a petition for writ of certiorari in the United States

Supreme Court after the Michigan Supreme Court's denial of his motion for leave to appeal may be true, but because his limitation period would have already expired, this time period would make no difference as to the running of his federal limitation period.

Petitioner also contends that he should benefit from the doctrine of equitable tolling. The factors to consider in deciding whether equitable tolling is appropriate are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001).

Petitioner fails to give any specific reasons why the court should toll his limitation period. He simply says that the court should do so based on the circumstances of his case. The circumstances to which Petitioner refers apparently are the actions of his state court-appointed attorney after the imposition of his sentences. The record of the case contains copies of letters exchanged between Petitioner, Attorney Leithauser, and the administrator of the Michigan Appellate Assigned Counsel System. Those documents show that counsel discussed the possible merits of an appeal with Petitioner while his appeal period was still running. Counsel believed that there were no meritorious issues to be raised and communicated that to Petitioner. Counsel stated that he received no response from at least two letters to Petitioner explaining this. After the time for appealing had passed, Petitioner wrote counsel stating that he had a parole hearing coming up and that if he did not receive parole he would try a "6.5 motion." The record shows only that Petitioner complained to the State Appellate Counsel Administrator about Attorney Leithauser after his appeal periods had passed. Counsel says that Petitioner was aware of the time limits for the "various potential avenues."

Thus, it appears that although there was some difficulty with communication between Petitioner and Attorney Leithauser, counsel was examining possible issues in Petitioner's cases, advising Petitioner as to his best course of action, and attempting to receive some direction from Petitioner as to what he wanted to do on his state appellate proceedings. Counsel's actions do not provide any basis for the equitable tolling of Petitioner's federal limitation period. Moreover, all of these circumstances center around Petitioner's state court filings rather than his federal court filing. It is his federal habeas limitation period that would have to be tolled. There is no showing that Petitioner was unaware of his federal filing requirement or that he took any action to gain knowledge on that subject. The record is silent on any action Petitioner took as to his federal filing requirement before he filed the present habeas petition. The doctrine of equitable tolling should be used sparingly and not in cases lacking a satisfactory explanation for Petitioner's failure to timely file a habeas petition. *Dunlap*, 250 F.3d at 1010. The record in this case fails to show that it is the type of case where the Petitioner's limitation period should be tolled.

Accordingly, this Court recommends that Petitioner's application for the Writ of Habeas Corpus be DENIED.

**NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might

have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 24, 2006					s/ Mona K. Majzoub
							MONA K. MAJZOUB
							UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Floyd Boyce and Counsel of Record on this date.

Dated: August 24, 2006					s/ Lisa C. Bartlett
							Courtroom Deputy